**Carmen L. HARRIS, Plaintiff–Appellant,**

v.

**LEBOEUF, LAMB, GREENE AND MACRAE, LLP, Defendant–Appellee.**

Docket No. 01–7080.

United States Court of Appeals, Second Circuit.

Feb. 26, 2002.

Carmen L. Harris, New York, NY, pro se.

Geri S. Krauss, Herrick, Feinstein LLP, New York, NY, for Appellee.

Present LEVAL, CALABRESI, Circuit Judges, and STEIN, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Plaintiff–Appellant Carmen L. Harris ("Harris"), *pro se,* appeals from a judgment of the district court granting summary judgment in favor of Harris' former employer, Leboeuf, Lamb, Greene & MacRae, LLP ("Leboeuf"). Harris filed a complaint pursuant to Title VII of the Civil Rights Act of 1964 (codified at 42 U.S.C. § 2000e *et seq.*) and 42 U.S.C. § 1981, on December 27, 1999, alleging that she was terminated from her position as a legal secretary at Leboeuf because she is Hispanic and Puerto Rican. Her complaint also asserted the common law tort of intentional infliction of emotional distress.

The district court granted Leboeuf's motion for summary judgment on all causes of action. Assuming without deciding that Harris made out a prima facie case of employment discrimination, the court found that Leboeuf had come forward with legitimate nondiscriminatory reasons for Harris' termination, such as negative feedback from attorneys and altercations with other employees. Since Harris offered no evidence to rebut Leboeuf's legitimate reasons for terminating her, the district court granted summary judgment in favor of Leboeuf. *See Bickerstaff v. Vassar College,* 196 F.3d 435, 446 (2d Cir.1999).

We affirm for substantially the same reasons set forth in the district court's memorandum opinion and order. *See Harris v. Leboeuf, Lamb, Greene & MacRae, LLP,* No. 99 Civ. 12374, 2000 WL 1855111 (S.D.N.Y. Dec.19, 2000.) The presence of some positive comments in Harris' personnel file is not sufficient to rebut the substantial evidence in the record that Leboeuf had legitimate reasons for firing Harris as a result of her poor work performance and confrontational personality. Harris has not raised sufficient evidence from which a jury could conclude that she was more likely than not a victim of intentional discrimination. *See Bickerstaff,* 196 F.3d at 446–447.

For the reasons set forth above, the judgment of the district court is AFFIRMED.

---

* The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.